IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL CASE NO. 1:15-CR-0211-MHC-LTW |
| KYLE JOHNSON, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Kyle Johnson ("Defendant") has been indicted by the grand jury on eleven counts of knowingly and unlawfully obstructing, delaying and affecting commerce, and the movement of articles and commodities in such commerce by robbery, in that he did unlawfully take and obtain property, that is currency, by means of actual and threatened force, violence, and fear of injury to the person of the employee, in violation of Title 18, United States Code, Section 1951. Defendant is also charged with two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, that is the robbery, in violation of Title 18, United States Code, Section 924 (c)(l)(A)(ii). (Doc. 1). For reasons discussed below, the undersigned **RECOMMENDS** that Defendant be found **NOT COMPETENT** to stand trial and that he be committed to the Attorney General for further evaluation. This Court also **RECOMMENDS** that the Defendant's pending Motion to Suppress Statements (Doc. 13) and Motion to Suppress Photographic Lineups and In-Court Eyewitness Identifications (Doc. 16) be **DENIED** without

AO 72A
(Rev.8/82)

prejudice to renew if Defendant is later found competent to proceed with this case.

## PROCEDURAL BACKGROUND

On October 2, 2015, the Court entered an Order allowing Dr. Kevin Richards to conduct a psychological evaluation of Defendant Kyle Johnson to determine Defendant's competency to stand trial. (Doc. 20). Dr. Richards evaluated Defendant and issued a written report detailing the bases of his opinions regarding Defendant's competency. (Doc. 25, filed under seal). Dr. Richards concluded in his evaluation and findings that at the time of the evaluation, Defendant was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Doc. 25, at 12). Thereafter, the Government submitted a report from Dr. Dawn Graney who opined based on her evaluation, that the Defendant was not suffering from a severe mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Doc. 33, filed under seal).

In light of the conflicting opinions, the parties requested an additional psychiatric evaluation. (Doc. 27). On April 11, 2016, the Court ordered an independent mental health evaluation regarding Defendant's competency to stand trial and to determine whether he is suffering from a mental disease or defect pursuant to 18 U.S.C. §§ 4241(a), 4241(b), and 4247(b). (Doc. 29). On July 13, 2016, Dr. Kari Schlessinger completed a Competency to Stand Trial Evaluation detailing her clinical impressions, opinions, and recommendations. (Doc. 38), filed under seal). Therein, Dr. Schlessinger opined that

Defendant currently does not possess a rational and factual understanding of the proceedings against him, does not have the capacity to assist legal counsel in his defense, and cannot rationally make a decision regarding legal strategy. (Doc. 33, at 23). Dr. Schlessinger concluded that Defendant is not competent to stand trial. (Id.). The Government did not contest Dr. Schlessinger's opinion and recommendations. (Doc. 32).

## LEGAL STANDARD FOR JUDGING COMPETENCY

Title 18 U.S.C. § 4241 et seq., guides the assessment of competence for a defendant in federal criminal proceedings. Section 4241(d) provides that the Court shall find the defendant to be incompetent "[i]f, after the [competency] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense . . . ." 18 U.S.C. § 4241(d). The test is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam) (construing Section 4241's predecessor, 18 U.S.C. § 4244 (1958)).

## FACTS AND DISCUSSION

1. On May 24, 2016, Defendant was admitted to the Metropolitan Correctional

3

Center ("MCC") in New York, New York for a psychological assessment. (Doc. 38, at 1).

2. On May 25, 2016, and June 4, 8, 9, 10, and 13, 2016, Dr. Kari Schlessinger, a board certified forensic psychologist, evaluated Defendant at MCC. (Id.).

3. Prior to the interview, Dr. Schlessinger informed Defendant that she would be evaluating him to assist the Court with determining his competency to stand trial. (Id.).

4. Defendant was informed that neither the interviews nor the results of the psychological testing were confidential and any information he provided could be reported to the Court in either written format or oral testimony. (Id.).

5. Dr. Schlessinger also advised Defendant that he could consult his attorney prior to, or at any time during the evaluation. (Id.).

6. Defendant indicated he understood he could talk to his attorney, and appeared to have a minimal understanding and appreciation of the fact that the interviews and testing were not confidential. (Id.). As a result, the interviews and psychological testing proceeded on that basis. (Id.).

6. Dr. Schlessinger observed that Defendant struggled in school academically and behaviorally. (Doc. 38, at 4-5).

7. Dr. Schlessinger also observed Defendant has an extensive criminal history. (Doc. 38, at 6).

8. According to Dr. Schlessinger, Defendant began seeking treatment for psychiatric

4

symptoms at age sixteen; and at that time self-reported symptoms that included delusional thinking, perceptual disturbances as auditory hallucinations, and odd behaviors. (Doc. 38, at 6).

9. Dr. Schlessinger also notes that Defendant has a history of suicide attempts, and he has been diagnosed with schizoaffective disorder, bipolar type; attention deficit hyperactivity disorder; antisocial personality disorder; mild intellectual disability; and several drug use disorders. (Doc. 38, at 7-9).

10. Defendant has been treated with a variety of antipsychotic medications including Risperdal, Haldol, Zyperxa, Olazapine, and Dapakote (an anticonvulsant medication used to stabilize mood) to manage his symptoms. (Doc. 38, at 9, 11).

11. Defendant acknowledged a substance use history that included alcohol, opiates, methamphetamine, marijuana, cocaine, and hallucinogens. (Doc. 38, at 10-11).

12. Dr. Schlessinger administered Defendant a series of psychological tests in June 2016. (Doc. 38, at 12). Because Defendant was persistently inattentive and rarely completed the assessments, no firm conclusions could be drawn from many of his results. (Id.). Instead, Defendant's test taking strategy and performance across all tests suggests he may have feigned deficits in legal knowledge and potentially psychiatric symptoms. (Id.). Dr. Schlessinger, however, believes Defendant's test results are obscured by his significantly impairing inattention and hyperactivity which appeared to impact his testing response style ultimately leading to random responding throughout the tests administered. (Id.). Dr. Schlessinger therefore

concluded that Defendant's results do not support a conclusive finding of malingering. (Id.).

13. Dr. Schlessinger diagnosed Defendant with attention deficit/hyperactivity disorder, combined presentation, severe; antisocial personality disorder; unspecified cannabis-related disorder, in a controlled environment; unspecified hallucinogen-related disorder, MDMA, in a controlled environment; and rule out, unspecified schizophrenia spectrum, and other psychiatric disorder. (Doc. 38, at 14).

14. In Dr. Schlessinger's evaluation, she observed that Defendant does not appear to have a sufficient understanding of the adversarial nature of the courtroom proceedings; his understanding of legal concepts appears limited due to his severe attention deficits; and his ability to be educated appears inconsistent. (Doc. 38, at 20).

15. Dr. Schlessinger also observed that Defendant's impulsive tendencies may interfere with his decision-making process; his impaired frustration tolerance and concentration abilities are likely to impact basic communication with his lawyer; he will be unable to appropriately attend to and participate in courtroom proceedings; he may display poor impulse control and inappropriately interrupt proceedings; and he appears to have difficulty comprehending the seriousness of his case which may impair his ability to meaningfully discuss the recommendations of defense counsel. (Doc. 38, at 21).

16. Thus, Dr. Schlessinger opined with a reasonable degree of psychological certainty that at the time of the evaluation, Defendant did not present with a mental disease under the law, instead he presented with a mental defect, that being attention-deficit/hyperactivity disorder, combined presentation, severe. (Doc. 38, at 23).

17. Dr. Schlessinger further opined that Defendant does not possess a rational and factual understanding of the proceedings against him, does not have the capacity to assist legal counsel in his defense, and cannot rationally make decisions regarding legal strategy, therefore, he is incompetent. (Id.).

In addition to the foregoing summary, this Court notes the following relevant facts were provided in Dr. Schlessinger's written evaluation of Defendant.

### A. Defendant's Developmental and Educational Social History

Defendant is a twenty-four-year-old, single male who lived with both parents in Atlanta, Georgia until they divorced when he was five. (Doc. 38, at 4). Dr. Schlessinger noted that Defendant alleged his father physically abused him when he lived with hin from the age of five to eleven and denied any history of sexual abuse. (Id.). Defendant was removed and relocated to at least four different educational environments due to his behavioral issues and failure to complete academic requirements. (Id.). Defendant reported he stopped attending school in the eighth grade and school records show he was withdrawn due to poor attendance. (Doc. 38, 4-5).

### B. Defendant's Criminal History

Dr. Schlessinger outlined Defendant's criminal history, including

purchase/possess/manufacture/control marijuana, burglary, criminal trespass, public indecency, felony interference with government property, simple battery, armed robbery, aggravated assault; wilful obstruction of law enforcement officers, and robbery. (Doc. 39, at 6).

Taking into consideration Dr. Schlessinger's opinion and recommendation, and the totality of the evidence, this Court finds that a preponderance of the evidence supports the conclusion that Defendant is not competent to proceed with this case at this time.

## HOSPITALIZATION FOR FURTHER EVALUATION

The Defendant and the Government concur, and the Court finds, that 18 U.S.C. § 4241(d) and Eleventh Circuit authority, United States v. Donofrio, 896 F.2d 1301, 1302 (11th Cir. 1990), require that if the Court finds Defendant incompetent to proceed, then the Defendant must be committed to the Attorney General for further evaluation. Both the Government and Defendant also concur that Defendant is incompetent to proceed at this time. Accordingly, the undersigned **RECOMMENDS** that in accordance with § 4241(d)(1), Defendant be committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months, to allow for an assessment of "whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed." 18 U.S.C. § 4241(d)(1). Ultimately, the Court will decide whether Defendant has a substantial probability of attaining competency within a reasonable period of time. See id. If the Court determines that such a

substantial probability exists, commitment for the purpose of attaining competency also is circumscribed by a reasonable period of time, not to exceed four months. 18 U.S.C. § 4241(d)(1), (d)(2).[1]

## CONCLUSION

For reasons discussed above, the undersigned **RECOMMENDS** that Defendant be found **NOT COMPETENT** to stand trial and that he be committed to the Attorney General for further evaluation. This Court also **RECOMMENDS** that the Defendant's pending Motion to Suppress Statements (Doc. 13) and Motion to Suppress Photographic Lineups and In-Court Eyewitness Identifications (Doc. 16) be **DENIED** without prejudice to renew if Defendant is later found competent to proceed with this case.

**IT IS SO REPORTED AND RECOMMENDED** this the 25th day of October, 2014.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned notes that Dr. Schlessinger also recommended that Defendant be evaluated and treated with physchopharmacological, non-formulary ADHD medication to address his ongoing ADHD symptoms, which, if left unaddressed might hinder his restoration process.