IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:15-CR-211-MHC-LTW |
| KYLE JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## FINAL REPORT AND RECOMMENDATION
## AND ORDER CERTIFYING THIS CASE READY FOR TRIAL

This matter is presently before the Court to determine the competency of Defendant Kyle Johnson ("Defendant") to stand trial.  On June 6, 2015, Defendant was indicted by the grand jury on eleven counts of interference with commerce by threats or violence by robbery in violation of Title 18, United States Code, Section 1951; and two counts of brandishing a firearm during and in relation to a crime of violence, that is the robbery, in violation of Title 18, United States Code, Section 924 (c)(l)(A)(ii).  [Doc. 1].

Upon the request of the Defendant and the Government, the Defendant has undergone a series of psychological testing.  [Docs. 17, 18, 20, 24, 25, 27, 29, 52, 55, 59, 64].  The Court has scheduled and rescheduled a competency hearing numerous times.  [Docs. 23, 51, 57, 63, 66, 78; 80, 93, 95-96, 107, 109 112; see also docket entry dates August 23, 2016, September 22, 2016, May 23, 2017, November

2, 2017, January 26, 2018, February 19, 2019, July 19, 2019, September 19, 2019, April 27, 2020, ]. Over the past six years that Defendant has undergone competency evaluations and competency restoration proceedings, the Court has received conflicting opinions as to Defendant's competency.[1] A detailed account of this history is outlined in this Court's order dated January 14, 2020. (Doc. 82).

After finding Defendant competent on January 14, 2020, Defendant quickly appeared to decompensate because he refused medication or because the jail did not properly medicate him. On January 23, 2020, Defendant was scheduled to enter a guilty plea. [Doc. 84]. However, Defendant had stopped taking his medication and his mental condition had deteriorated. Defendant was mentally unable to participate in the guilty plea hearing. Following the failed plea attempt, Dr. Julie Dorney evaluated Defendant and found him to be incompetent. [Doc. 93-1, filed under seal]. In an order dated June 2, 2020, this Court again committed Defendant to the custody of the Attorney General for competency restoration. [Doc. 95, filed under seal].

The Court is now in receipt of a Certification of Restoration of Competency signed by the Warden of the Federal Medical Center at Butner, North Carolina. [Doc. 106, filed under seal]. Therein, Dr. Kristina P. Lloyd, a Board Certified Forensic Psychologist, opines that Defendant is not currently suffering from a mental

---

[1] The majority of the competency opinions determined Defendant was incompetent.

disease or defect that would preclude his competency to stand trial. [Doc. 106, at 20]. Dr. Lloyd also opines that "Mr. Johnson's prognosis is good for remaining competent as long as he continues to take his current medication as prescribed." [Id.]. The report further indicates that this "opinion is contingent on the continued, and consistent compliance with his current medication regimen." (Id at 21).

On June 14, 2021, this Court held a competency hearing. At the hearing, the parties stipulated to the competency findings in the report. The Court had the opportunity to observe Mr. Johnson's behavior and confirmed that he has been receiving and taking his medication as prescribed. Based on the Defendant's concession that he is now competent to stand trial (i.e. able to understand the nature and consequences of the proceedings against him and to properly assist in his own defense) and the findings provided in the March 10, 2021 Forensic Evaluation, Defendant appears to now be competent to stand trial. Accordingly, the undersigned reports that Defendant is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Therefore, the undersigned **RECOMMENDS** that Defendant be found **COMPETENT** to stand trial. As there are no further motions pending, the

undersigned hereby certifies this case ready for trial. The Clerk is directed to terminate the reference to the undersigned.

**IT IS SO REPORTED AND RECOMMENDED**, this <u>14th</u> day of June, 2021.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE